UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |  | |
|---|---|---|---|
| SAMUEL MCALISTER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| VS. | ) | No. 20-1100-JDT-cgc | |
| | ) | | |
| STATE OF TENNESSEE, ET AL., | ) | | |
| | ) | | |
| Defendants. | ) | | |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On January 12, 2021 the Court dismissed the *pro se* prisoner complaint filed by Plaintiff Samuel McAlister and granted leave to file an amended complaint. (ECF No. 8.) On February 4, 2021, McAlister timely filed an amended complaint, which is now before the Court for screening. (ECF No. 9.)

The primary focus of McAlister's original complaint was the contention he should be compensated and given credit on his current prison sentence because he had been made to "re-serve" a prior sentence after it had already expired. The Court dismissed those allegations for failure to state a claim on which relief may be granted. The original complaint also briefly alleged McAlister had been denied adequate medical care while he was incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee. In connection with that claim, which the Court construed as arising under the

Eighth Amendment, McAlister sued a CJC Administrator, Defendant Chester Long. He did not, however, allege Long was a medical provider or had any personal involvement in McAlister's medical care. Therefore, the claim for inadequate medical care also was dismissed for failure to state a claim.

McAlister does not raise any claims in the amended complaint concerning the calculation of his sentence; his only claim concerns the adequacy of the medical care he received while at the CJC. He alleges the "medical administration/medical staff" failed to treat his medical conditions as they should have. (ECF No. 9 at PageID 50.) McAlister asserts, without any specific details, that he repeatedly sought treatment for his medical and mental conditions, which included internal bleeding, surgery from a gunshot wound, knee and shoulder pain, and post-traumatic stress disorder. (*Id.* at PageID 50-51.) Yet, from February 12, 2018, through July 8, 2019, he alleges only a blood sample was taken. (*Id.* at PageID 51.) As a result, he allegedly experienced significant pain and was unable to "attend any recreational activities" or take advantage of other privileges. (*Id.* at PageID 50-51.) He seeks monetary damages. (*Id.* at PageID 50.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal and will not be reiterated here. (*See* ECF No. 8 at PageID 42-43.)

The objective component of an Eighth Amendment violation based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). The subjective component requires a plaintiff to show the defendants acted with

2

the requisite intent, that is, with "deliberate indifference" to a substantial risk the prisoner would suffer serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). A defendant cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Farmer*, 511 U.S. at 837.

Even if McAlister's allegations regarding his medical conditions were enough to satisfy the objective component of an Eighth Amendment violation, he has not satisfied the subjective component. He has not actually identified anyone who failed to treat him properly for his medical and mental issues, referring only collectively to the "medical administration/medical staff" at the CJC. McAlister thus has not alleged that any particular individual knew of and disregarded an excessive risk to his health or safety.

Moreover, service of process cannot be made on an unidentified party, and the filing of a complaint against unknown "John Doe" defendants does not toll the running of the statute of limitations.[1] *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (*citing Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))).

The Court concludes McAlister's amended complaint still fails to state a claim on which relief can be granted. Leave to file a further amendment is DENIED, and this case

---

[1] The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

is DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by McAlister would not be taken in good faith.  Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by McAlister, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.  This strike shall take effect when judgment is entered.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                       s/ **James D. Todd**  
                                       JAMES D. TODD  
                                       UNITED STATES DISTRICT JUDGE